UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| STEPHEN BLOODWORTH, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br><br> vs.<br><br>DYNIA & ASSOCIATES, LLC AND CROWN ASSET MANAGEMENT, LLC,<br><br>   Defendants. | Case No.: 16-cv-34<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendants directed their collection efforts into the District.

## PARTIES

3. Plaintiff Stephen Bloodworth is an individual who currently resides in the Western District of Wisconsin (Jefferson County). Plaintiff lived in the Eastern District of Wisconsin (Milwaukee County) at all times relevant to the events described in this complaint.

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendants sought to collect from him a debt allegedly incurred for personal, family or household purposes.

5. Defendant Dynia & Associates, LLC ("Dynia") is a foreign limited liability company with its principal place of business located at 1400 E Touhy Ave, Ste G2, Des Plaines, IL 60018.

6. Dynia is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Dynia is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Dynia is a debt collector as defined in 15 U.S.C. § 1692a.

8. Defendant Crown Asset Management, LLC ("Crown") is a foreign limited liability company with its principal place of business located at 3100 Breckinridge Blvd Ste, 725 Duluth, GA 30096.

9. Crown Asset Management, LLC is engaged in the business of a collection agency, in that it purchases and receives assignment of consumer debts that are in default at the time Crown acquires them.

10. The FDCPA treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not. 15 U.S.C. § 1692a(6)(F)(iii); *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003), *citing Bailey v. Sec. Nat'l Serving Corp.*, 154 F.3d 384, 387 (7th Cir. 1998); *Whitaker v. Ameritech Corp.*, 129 F.3d 952, 958 (7th Cir. 1998); *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403-04 (3d Cir. 2000); *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106-07 (6th Cir. 1996); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).

11. Crown uses third party debt collectors, including Dynia, to collect allegedly defaulted debts that have been assigned.

12. A company meeting the definition of a "debt collector" under the FDCPA (here, Crown) is vicariously liable for the actions of a second company collecting debts on its behalf. *Pollice*, 225 F.3d at 404-05 (holding that cases holding assignee vicariously liable for its attorneys' FDCPA violations applies equally to non-attorney debt collectors); *Schutz v. Arrow Fin. Servs., LLC*, 465 F. Supp. 2d 872, 876 (N.D. Ill. 2006) (following *Pollice*, disagreeing with *Scally*); contra *Scally v. Hilco Receivables, LLC*, 392 F. Supp. 2d 1036, 1039 (N.D. Ill. 2005).

13. Crown, directly or indirectly, is a debt collector under the above arrangement and is jointly responsible for Dynia's actions. 15 U.S.C. § 1692a(6).

## FACTS

14. Plaintiff entered into a consumer transaction with "General Electric Capital Corporation, Synchrony Ba" ("GE") for a personal credit card.

15. Prior to January 23, 2015, Plaintiff's account with GE went into default.

16. Prior to January 23, 2015, and after Plaintiff's account with GE was in default, GE sold or otherwise assigned the ownership rights to Plaintiff's account to Crown.

17. On or about January 23, 2015, Dynia mailed a debt collection letter to Plaintiff regarding an alleged debt originally owed to "General Electric Capital Corporation, Synchrony Ba" and currently owed to "Crown Asset Management, LLC." A copy of this letter is attached to this Complaint as Exhibit A.

18. Dynia mailed Exhibit A to Plaintiff's former (then current) residence in Greendale, Milwaukee County, Wisconsin.

19. Upon information and belief, the alleged debt referenced in Exhibit A is an alleged credit card account, used only for personal, family or household purposes.

20. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

3

21. Upon information and belief, <u>Exhibit A</u> was the first letter that Dynia sent to Plaintiff regarding this alleged debt.

22. <u>Exhibit A</u> contains the following text:

> If you dispute the debt, or any part thereof, or request the name and address of the original creditor in writing within the thirty-day period, the law requires our firm to suspend our efforts to collect the debt until we mail the requested information to you.

23. The text in Dynia's letter contradicts the 15 U.S.C. § 1692g(a)(4) notice. The above language tells the consumer that he may "dispute the debt or any part thereof" but does not specify that that the dispute must be "in writing" in order for "the law" to "require[] our firm to suspend our efforts to collect the debt until we mail the requested information to you."

24. The text in Dynia's letter to Plaintiff is inconsistent with 15 U.S.C. § 1692g(b), which states:

> **(b) Disputed debts**
>
> If the consumer notifies the debt collector *in writing* within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(emphasis added).

4

25. <u>Exhibit A</u> fails to inform the consumer that the debt collector will cease collection of the debt until he debt collector obtains verification of the debt or a copy of the judgment only if the consumer notifies the debt collector *in writing* that the debt, or any portion thereof, is disputed. 15 U.S.C. § 1692g(b).

26. By omitting the words "in writing" from the §§ 1692g(b) language, Dynia did not effectively convey to the consumers their rights under the FDCPA and contradicted the § 1692g(a)(4) notice. *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 743 (N.D. Ill. 2003); *see also Desantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001) (a "debt collector violates the Act if it fails to convey the information required by the Act.").

27. Dynia's omission is misleading. A consumer who to orally disputes a debt does not effectively invoke his or her rights under 15 U.S.C. § 1692g(b).

28. The consumer is not required to rely upon the debt collector to voluntarily comply with the FDCPA. *McCabe*, 272 F. Supp. 2d at 738 ("However, Crawford misses the point of the protection found in § 1692g(a)(4). Although a debt collector *may* provide verification upon *oral* notification, the debt collector *must* provide verification upon *written* notification. If the debtor gives only *oral* notification of the dispute, the FDCPA imposes no requirement on the debt collector to obtain verification of the debt.").

29. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

## COUNT I – FDCPA

31. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

5

32. <u>Exhibit A</u> misleadingly omits the "in writing" requirement from its explanation of 15 U.S.C. § 1692g(b).

33. <u>Exhibit A</u> tells the consumer that Defendant will suspend "efforts to collect the debt" if the consumer disputes the debt, but fails to inform the consumer that suspension will only occur if the dispute is in writing.

34. Defendant violated 15 U.S.C. §§ 1692e, 1692e(10), 1692g, 1692g(a)(4) and 1692g(b).

## **CLASS ALLEGATIONS**

35. Plaintiff brings this action on behalf of a Class consisting of (a) all natural persons in the State of Wisconsin, (b) who were sent a collection letter in the form represented by <u>Exhibit A</u> to the complaint in this action, (c) seeking to collect a debt, incurred for personal, family or household purposes, (d) allegedly owed to Crown, (e) on or after January 11, 2015 (f) that was not returned by the postal service.

36. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

37. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether <u>Exhibit A</u> violates the FDCPA.

38. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

39. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

40. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

41. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: January 11, 2016

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com